**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 95-40274
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MELVIN GREGORY WHITE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(C-94-CR-211-1)
September 14, 1995
_____

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Melvin Gregory White appeals from the sentence imposed by the district court following White's conviction on a plea of guilty for drug related violations. Specifically,

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

White challenges the decision of the district court to depart upward on the basis of an understated criminal history. Although the question is quite close, we find sufficient support in the Presentence Investigation Report (PSR), the colloquy between the court and the probation officer who prepared that report, and the remainder of the transcript of the sentencing hearing, to justify affirming of the court's upward departure and the sentence imposed on the basis thereof.

## I

## FACTS AND PROCEEDINGS

White pleaded guilty to possession with intent to distribute 429 kilograms of marijuana. He had an adjusted base offense level of 25, a criminal history category of II, and a sentencing range of 63 to 78 months. The district court found that White's criminal history category "grossly understated" his criminal history and departed upward based on his uncounted prior convictions to a hypothetical sentencing range of 70 to 87 months. The district court also granted the government's motion for a downward departure based on White's substantial assistance. The district court sentenced White to 50 months of imprisonment, however, instead of 32 months as recommended by the government. White timely filed a notice of appeal.

## II

## ANALYSIS

White contends that the district court failed to espouse sufficient acceptable reasons justifying its upward departure. He

maintains that the district court's sole express reason for its upward departure -- that his criminal history was "grossly understated" -- was not sufficient to support the upward departure.

An upward departure will be affirmed if the district court offers acceptable reasons for the departure and the departure is reasonable. United States v. Lambert, 984 F.2d 658, 663 (5th Cir. 1993) (en banc). The decision to depart from the Sentencing Guidelines is reviewed for an abuse of discretion. United States v. McKenzie, 991 F.2d 203, 204 (5th Cir. 1993). The district court's articulated reasons for upward departures are findings of fact that we review for clear error. United States v. Pennington, 9 F.3d 1116, 1118 (5th Cir. 1993).

Under § 4A1.3, "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range." See § 4A1.3, p.s. If the district court departs upward, it must state the specific reason for doing so. United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994)(en banc), cert. denied, 115 S. Ct 1969 (1995). The inadequacy of a defendant's criminal history category is an acceptable basis for departure. United States v. Laury, 985 F.2d 1293, 1310 (5th Cir. 1993)(defendant's 20 criminal history points well above the 13 required to place him in criminal history category VI). Sentencing

3

courts have wide discretion in determining the extent of the departure. United States v. Moore, 997 F.2d 30, 37 (5th Cir.), cert. denied, 114 S. Ct. 647 (1993).

We have affirmed upward departures based on a defendant's inadequate criminal history category. See Ashburn, 38 F.3d at 809 (district court provided adequate reasons for departure); United States v. Ford, 996 F.2d 83, 87-88 (5th Cir. 1993) (departure upheld on basis of uncounted prior convictions), cert. denied, 114 S. Ct. 704 (1994); United States v. Carpenter, 963 F.2d 736, 743-45 (5th Cir.)(same), cert. denied, 113 S. Ct. 355 (1992). See also Pennington, 9 F.3d at 1118-19 (district court's reasons warranted departure, but remanded because district court did not follow proper methodology).

On the other hand, we have vacated sentences when the district court failed expressly to articulate the reasons for its upward departure. See, e.g., United States v. Martinez-Perez, 916 F.2d 1020, 1024-25 (5th Cir. 1990); United States v. Jones, 905 F.2d 867, 870 (5th Cir. 1990); United States v. Lopez, 871 F.2d 513, 515 (5th Cir. 1989). In Martinez-Perez, the district court stated only that the Guidelines did not take into consideration the defendant's criminal involvement; the court did not provide any further explanation why the defendant's Criminal History Category under the Guidelines was inadequate. 916 F.2d at 1024-25. In Jones, the district court bypassed a criminal history category without explanation and without stating why that category was inadequate. 905 F.2d at 870. We stated in Jones that the district court must

4

identify specific aspects of the defendant's criminal history that are not adequately considered by the Guidelines, noting nevertheless that the exclusion of prior convictions that are over ten years old might constitute a valid explanation for an upward departure. Id. at 870 n. 4. In Lopez, we held that the district court erred in departing upward to Category V from Category I without considering the intermediate categories and explaining why the intermediate categories were inadequate. 871 F.2d at 515.

The PSR notes that White's criminal history may not be adequately reflected by his criminal history category as calculated under the Guidelines. The PSR provides in pertinent part:

> It is noted that the defendant has a history of criminal involvement which began at age 23. There are three assault charges and a charge of non-support which were not given criminal history points due to the age of the convictions. Had each of these convictions been given criminal history points, the defendant's criminal history score would have been 6, which would have resulted in a criminal history category of III and a guideline range of 70 to 87 months.

At the sentencing hearing, the district court asked the probation officer to explain how the court could depart upward based on an inadequate criminal history under the Guidelines. The following discussion occurred:

> THE COURT: Ms. Johnson, explain to me your understanding of how I can depart upward with a grossly understated criminal history?
>
> MS. JOHNSON: Based on Section 4A1.3 of the guidelines, Your Honor, because his criminal history is understated, the Court can take into account offenses which were not scored. Had those offenses been scored, he would have been at a range of 76 [sic].

THE COURT: Six?

. . . .

MS. JOHNSON: It would have been total score, total history category of 6, excuse me, category 3, with a range of 70 to 87 months.

THE COURT: I find, Mr. White, that your criminal history category is grossly understated and that had those prior convictions been counted, you would have been at a criminal history category 3.

The district court went on to state that the applicable range of imprisonment was 70 to 87 months. This range was based on the upward departure. In so doing, the district court adopted for its departure the reason articulated in the PSR by the probation officer -- that White had prior convictions which were not counted in calculating his criminal history category under the Guidelines. The district court then granted the government's motion for a downward departure based on White's substantial assistance, but sentenced White to 50 months of imprisonment instead of 32 months as recommended by the government. The court's upward and downward departures thus resulted in a net decrease from the original sentencing range of 63 to 78 months.

Whether the district court provided sufficient reasons for its upward departure presents a close question. As noted, the court based its departure on the reasons articulated by the probation officer at the sentencing hearing -- that White had prior convictions which were not counted in calculating his criminal history category under the Guidelines. The PSR states that White has two prior convictions for assault and one prior conviction for

failure to pay child support, none of which were counted in determining his criminal history category. The district court did not discuss in detail, however, the facts underlying the prior convictions on which it based its upward departure; it merely expressed the conclusion that White's criminal history category was "grossly understated."

White does not challenge the factual basis of these prior convictions. A review of the transcript of the sentencing hearing demonstrates that the district court based its upward departure on White's prior convictions which were not counted in calculating his criminal history category under the Guidelines. Again, we noted in <u>Jones</u> that uncounted prior convictions could be a valid reason for making an upward departure. <u>Jones</u>, 905 F.2d at 870 n.4. We therefore affirm the district court's upward departure because the sentencing transcript provided an acceptable reason for the district court's action.

AFFIRMED.